**Opinion filed December 4, 2014**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00293-CR

_____

## LARRY STEVEN HAYS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 18536B**

## M E M O R A N D U M   O P I N I O N

Appellant, Larry Steven Hays, pleaded guilty to the offense of aggravated assault, and pursuant to the terms of the plea-bargain agreement in this case, the trial court made an affirmative deadly weapon finding and assessed Appellant's punishment at confinement for eight years, to run concurrently with another conviction. We dismiss the appeal.

This court notified Appellant by letters dated November 3, 2014, and November 13, 2014, that the Trial Court's Certification of Defendant's Right of

Appeal indicates that this is a plea-bargain case in which Appellant has no right of appeal and that Appellant has waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond and show grounds to continue the appeal. Appellant has filed a response in which he asserts that his trial counsel was ineffective and that he was informed by the trial court that he had a right to appeal and that he could "change [his] plea back" to not guilty.

Rule 25.2(a)(2) provides that, in a plea-bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." The documents on file in this case reflect that Appellant entered into a plea bargain, that his punishment was assessed in accordance with the plea bargain, that Appellant affirmatively waived his right to appeal, and that the trial court did not give Appellant permission to appeal. The trial court's certification was signed by Appellant, his trial counsel, and the judge of the trial court. The certification shows both that Appellant waived his right of appeal and that this is a plea-bargain case in which Appellant has no right of appeal. The documents on file in this court support the trial court's certification and show that the certification is not defective. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, this appeal is dismissed.


December 4, 2014                                             PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.